IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTEL VAN DYKE, ) | |
| ) | |
| Plaintiff, ) | Case No. 22 C 6063 |
| ) | |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| J.P. MORGAN CHASE, CHASE HOME ) | |
| FINANCE LLC, VILLAGE REALTY, JANA ) | |
| FOREMAN, MTGLQ Investors, CYPREXX ) | |
| SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christel Van Dyke has brought a five count amended complaint against defendants J.P. Morgan Chase, Chase Home Finance LLC, Village Realty, Jana Foreman, MTGLQ Investors, and Cyprexx Services, LLC, asserting various state law claims arising out of a judgment of foreclosure entered against her in the Circuit Court of Cook County, Illinois, on February 1, 2016, and a resulting judicial sale ordered on February 24, 2017, and approved on June 25, 2018. Count I is a claim for replevin against all defendants. Count II is a claim for common law fraud against J.P. Morgan Chase ("Chase")[1]. Count III is a claim brought against Chase under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. (the "Consumer Fraud Act").[2] Count IV is a claim for assault against Foreman and Village Realty. Count V, brought against all defendants, and the only basis for this court's subject matter jurisdiction, is a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (d). Chase, Foreman and Village Realty, MTGLO

---

[1] Chase Home Finance has been dismissed by agreement.
[2] The amended complaint does not specify which defendants Count III is brought against, but plaintiff's brief indicates that the count is brought against Chase only.

Investors, and Cyprexx have each filed motions to dismiss for failure to state a claim. For the reasons described below, the court grants the motion to dismiss Count V and declines to exercise supplemental jurisdiction over the remaining state law claims.

## BACKGROUND

Plaintiff alleges that she lived at 18206 S. 66th Ave. in Tinley Park, Illinois (the "Property") for almost 30 years and made her living renting out units in the building. A judgment of foreclosure was entered against her in Cook County Case No. 2011 CH9750 (the "Foreclosure Action) relating to the Property on February 1, 2016. The Property was sold at a foreclosure sale on February 24, 2017, and that sale was approved on June 25, 2018. In the instant case, she alleges that the Property was sold less than 30 days after she was denied a loan modification, in violation of the "Making Home Affordable Program."

Plaintiff also alleges that she had inquired with Chase "regarding applying for a home equity loan for repairs to the Property," and that she was told to apply for a forbearance plan to lower her payments for the duration of the loan. She claims to have made payments under that plan for years and that defendants' representatives informed her that the loan was not in default and that they were processing a modification of the loan. She claims that "defendants" foreclosed on the Property as a result of not applying to her outstanding balance the reduced payments she was directed to make. Thus, she claims that defendants fraudulently induced her into a situation where she unknowingly could not pay her mortgage so they could foreclose on the Property. She also alleges that as a result, the judgment of foreclosure and the sale are void and can be collaterally attacked at any time.

Plaintiff raised these same issues as affirmative defenses in the Foreclosure Action, claiming waiver, unclean hands, and violations of the Consumer Fraud Act. Chase moved for summary judgment, plaintiff responded arguing, among other things, that her affirmative defenses precluded judgment for Chase. In particular, as to the Consumer Fraud claim, she argued that Chase representatives told her to make payments under a forbearance plan, that she tried to get a loan modification, but Chase refused. The state court granted summary judgment to Chase and entered judgment of foreclosure, resulting in the sale on April4 2018. Plaintiff filed an opposition to the motion to confirm the sale, claiming it was void because it was in violation of a bankruptcy stay, she was currently seeking a loan modification, and the sale price was unconscionable. She then filed an emergency motion to set aside the sale, arguing that it had been conducted in violation of the Making Home Affordable Program.

On June 26, 2018, the state court entered an order confirming the sale and evicting plaintiff from the Property. The court also denied plaintiff's emergency motion to set aside the sale. Plaintiff moved to reconsider the order approving the sale, arguing that because she had applied for a loan modification the sale was in violation of the Making Home Affordable Program. The court ultimately denied that motion, plaintiff appealed, but the appeal was dismissed for want of prosecution. A judicial deed was issued to MTGLQ, which was recorded with the Cook County Recorder of Deeds in July 2018.

On November 13, 2019, plaintiff filed an action in the Circuit Court of Cook County, Chancery Division against Chase, Foreman, Village Realty, Cyprexx, and Shellpoint Mortgage, alleging that the defendants took and held plaintiff's personal property during the eviction process (the "Chancery Action"). She then amended the complaint to add MTGLQ as a

defendant, dropp Shellpoint as a defendant, add a fraud count against Chase, a Consumer Fraud count, and an assault count against Foreman and Village Realty. After the defendants moved to dismiss, plaintiff file a second amended complaint. After another motion, the court dismissed the second amended complaint without prejudice, granting plaintiff leave to file a third amended complaint. Instead, plaintiff filed a notice of voluntary dismissal, and the Chancery Action was dismissed without prejudice on November 21, 2021.

## DISCUSSION

As noted, each of the defendants have moved to dismiss the complaint as to them. Those motions raise some common arguments as well as some arguments specific to each defendant. The court begins (and ends) with the common arguments.

First, all defendants argue that the complaint should be dismissed under Fed. R. Civ. 12(b)(5) for failure to serve in accordance with Fed. R. Civ. P. 4(m), which provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff filed the instant action on November 2, 2022. Under the Rule, she technically would have had until January 31, 2023, to serve defendants. She had not paid the filing fee, however, and the court ordered her to do so or to file a motion to proceed in forma pauperis ("IFP") by March 31, 2023. She filed an IFP motion at the last possible moment and, after receiving some additional information, the court granted her IFP status on April 11, 2023. The original complaint was stamped filed by the clerk on that date, and as such this case was considered filed at that time. Under the Rule service should have been made by July 10, 2023.

4

See Robinson v. America's Best Contacts and Eyeglasses, 876 F.2d 596, 598 (7th Cir. 1989). The court held a status conference on July 13, 2023, at which time plaintiff's counsel advised the court that he had not yet served the defendants because he thought new counsel might be substituting into the case. As a result, the court directed plaintiff to effectuate service, but did not specify a time period in which to do so. Plaintiff then served defendants in a timely fashion. Thus, even if plaintiff technically failed to comply with the Rule, she complied with the court's order, giving her good cause for the delay. And plaintiff is correct that the court prefers to resolve suits on their merits rather than on technicalities. Consequently, the court denies defendants motion to dismiss for failure to timely serve.

Next, all defendants argue that Count V, the RICO count, should be dismissed for failure to state a claim.[3] Such a motion challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); see Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Claims involving fraud, including Rico claims based on fraud, are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). Goren v. New Vision Intern. Inc., 156

---

3 Plaintiff has failed to respond to defendants' argument that Count V fails to state a claim.

F.3d 721, 726 (7th Cir. 1998). Rule 9(b) requires that the plaintiff "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This requires a plaintiff to "describe the who, what, when, where, and how of the fraud." Anchorbank, FSB v. Hofer, 649 F.3d 610, 615 (7th Cir. 2011).

As noted above, Count V alleges RICO violations under 18 U.S.C. § 1962 (c), (d). Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." To state a claim under this section, a plaintiff must identify an "enterprise." United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund v. Walgreen Co., 719 F.3d 849, 853 (7th Cir. 2013). The statute defines "enterprise" to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The definition is to be interpreted broadly, and an "association-in-fact" enterprise need not have any structural features beyond "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." Boyle v. United States, 556 U.S. 938, 944, 946 (2009).

As the Seventh Circuit noted in Walgreen, however, "despite the expansive nature of this definition, it is not limitless." 719 F.3d at 853. Section 1962(c) requires a plaintiff to identify a "person" as the defendant, that is distinct from the RICO enterprise. Id. (citing Cedric Kusher Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001) ("[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: 1) a 'person': and 2) an 'enterprise'

6

that is not simply the same 'person' referred to by a different name.") The 'person' defendant, must have "conducted or participated in the conduct of the 'enterprise's affairs', not just [its] own affairs." Reeves v. Ernst & Young, 507 U.S. 170, 185 (1993).

Applying this standard, Count V is woefully deficient. First, it fails under Rule 9(b) because if fails to identify the describe the who, what, when, where, and how of the fraud, alleging only that these defendants "fraudulently induced plaintiff to get into a situation where she was forced unknowingly could not pay her mortgage, so they could foreclose on her apartment building." The amended complaint fails to identify who made the allegedly false statements, when they were made, what the statements were, and how they amounted to fraud.

Count V also fails to identify a RICO enterprise separate and distinct from the RICO defendants. It apparently alleges that all the named defendants in the case are the RICO defendants in Count V and alleges that these defendants have engaged in a pattern of racketeering activity by causing plaintiff to default on her mortgage by deceptive and fraudulent means but makes no mention of these defendants conducting any enterprise's affairs through a pattern of racketeering activity. Consequently, the court grants defendants' motions to dismiss Count V with prejudice. The court declines to exercise supplemental jurisdiction over the remaining state law counts (I-IV) and dismisses those counts without prejudice. 28 U.S.C. § 1367(c)(3).

## **CONCLUSION**

For the reasons described above, defendants' motions to dismiss [38], [40], [58], and [65] are granted as to Count V. Count V is dismissed with prejudice. The court declines to exercise supplemental jurisdiction over the remaining state law counts (I-IV) and those counts are dismissed without prejudice.

**ENTER:**

**Robert W. Gettleman
United States District Judge**

**DATE: June 5, 2024**